**IDS FINANCIAL CORPORATION,**
**Relator,**

v.

**COUNTY OF HENNEPIN, Respondent.**

**No. CO–93–306.**

Supreme Court of Minnesota.

Dec. 3, 1993.

Steven K. Champlin, Nancy B. Smith, Minneapolis, for relator.

Mark K. Maher, Asst. County Atty., Minneapolis, for respondent.

TOMLJANOVICH, Justice.

In this case IDS Financial Corporation ("IDS") seeks review of a tax court order granting the motion of respondent, the County of Hennepin ("County"), for summary judgment. IDS filed a petition under Minn. Stat. § 278.01 disputing the assessed property value of an office building in which it leases space.[1] We are asked to decide whether the tax court properly dismissed this petition where judgment as to the property's value had already been entered based on a settlement between the owner of the property and respondent. There can be only one judgment in an in rem real property tax proceeding; we affirm the tax court.

IDS leases space in the IDS Center in Minneapolis. IDS' lease requires that it pay a share of real estate taxes proportionate to the space it occupies. At all times material to this case, the IDS Center was owned by 80 South Eighth Street Limited Partnership ("South Eighth") and managed by Brookfield Development ("Brookfield"). In 1988 or 1989 South Eighth, through Brookfield, began negotiations with respondent regarding the assessed property value of the building. South Eighth filed petitions pursuant to Minn.Stat. § 278.01 challenging the Center's assessment for taxes payable in 1989, 1990 and 1991. IDS was not a party to any of the petitions filed by South Eighth. Negotiations between Brookfield and the County continued for about three years. IDS was informed by Brookfield that negotiations were taking place, but chose not to participate. IDS paid

---

1. Minn.Stat. § 278.01 provides, in relevant part: Any person having any estate, right, title or interest in or lien upon any parcel of land, who claims that such property has been partially, unfairly, or unequally assessed * * * or that the parcel has been assessed at a valuation greater than its real or actual value, or that the tax levied against the same is illegal, in whole or in part, or has been paid * * * may have the validity of the claim, defense, or objection determined by the district court of the county in which the tax is levied, or by the tax court * * *.

a pro rata share of fees paid by Brookfield to a consultant who assisted Brookfield in negotiations with the County.

In September 1990, South Eighth reached a settlement with the County providing for reductions in the property's assessed value for the payable 1990 and 1991 years. South Eighth and the County stipulated to entry of a judgment that the Center's total value, for purposes of taxes payable in 1991, would be $160,000,000. Before judgment was entered on January 4, 1991, IDS was informed by Brookfield that Brookfield had obtained a significant reduction in the assessed valuation of the property for taxes payable in 1991.

On May 15, 1991, after IDS had received notice of the settlement between South Eighth and the County and after judgment based on the settlement had been entered, IDS filed its own petition challenging the stipulated assessment value of the Center for taxes payable in 1991. IDS did not move to vacate the earlier judgment. In response to IDS' petition, the County raised several affirmative defenses, including agency by estoppel, ratification, res judicata and equitable estoppel. IDS moved for summary judgment striking the defenses. The tax court denied IDS' motion. In order to facilitate appellate review both parties stipulated that summary judgment should be issued in favor of respondent.

## I.

■ It is undisputed that IDS has a right to file a petition under Minn.Stat. § 278.01 to challenge the assessed valuation of a property in which IDS is a major tenant. The issue before us is not whether IDS has a right to file a petition, but whether in this case IDS is bound by the preexisting judgment as to the property's assessed value.

IDS argues that in litigation arising under Minn.Stat. § 278.01, a judgment based on a settlement between two parties is binding upon the settling parties but not binding upon a third party until the third party has either been joined in the action or until the

May 15 deadline by which Chapter 278 petitions must be filed has passed. Thus, IDS argues that it is not bound by the judgment based on the settlement between the County and South Eighth, and IDS argues that it is free to seek a lower conflicting judgment through a Chapter 278 proceeding.[2]

■ We believe that IDS misconstrues the in rem nature of a real property tax proceeding under Chapter 278. Real estate taxes are assessed against the land itself. *Petition of S.R.A., Inc.,* 213 Minn. 487, 7 N.W.2d 484, 487 (1942). There can be only one judgment in an in rem proceeding and a judgment in an in rem proceeding is binding upon all interested parties. Restatement (Second) of Judgments, § 30 (1982); 47 Am.Jur.2d *Judgments* § 1071 (1969). Therefore, the judgment based on the settlement between the owner of the building, South Eighth, and the County is binding upon tenant IDS, which had notice of the settlement and an opportunity to be heard before judgment was entered. Accordingly, it was proper for the tax court to dismiss IDS's petition.

Because resolution of this case turns on the fact that there can be only one judgment in an in rem real property tax proceeding, we need not reach the question of whether IDS's petition must be dismissed under any of the other theories relied upon by the tax court.

Affirmed.

---

**2.** Although IDS argues that it is not bound by the settlement value, it nonetheless would have us recognize the settlement value as the highest value the property could have for purposes of taxes payable by IDS.